UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:18 CR 295 AGF (JMB) |
| MARK VAN RONZELEN, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST TO MODIFY CONDITIONS OF BOND**

Comes now Jennifer Roy, Assistant United States Attorney for the Eastern District of Missouri, and objects to the defendant's request to modify the conditions of his bond to live at his girlfriend's home based upon the following:

1. The Government recommended pretrial detention at the onset of this case.  The Government's primary concern with the defendant was that he was a danger to the community.  The parties argued the issue of bond versus detention over the course of multiple hearings.  During one such hearing, the Government presented testimony from Federal Bureau of Investigation Special Agent Owen Cunningham ("SA Cunningham").  SA Cunningham testified that, during the time period covered by the Indictment, the defendant was living with his girlfriend, Kristy Sullivan, and her minor child, in her Wentzville residence.  SA Cunningham detailed the types of items seized from Ms. Sullivan's home during the course of the investigation which included: fraudulent identification cards, including those of law enforcement, computers and other materials used to manufacture fraudulent identification cards, a law enforcement badge, a law enforcement nightstick, and a firearm.  SA Cunningham opined that, based upon his training and experience, the nature and circumstances of the offense,

1

and his knowledge of the defendant, he believed that the defendant was a danger to the community and should be detained.   As this Court is aware, correspondence from Patty Barker, a former U.S. Probation Officer and close friend of the defendant's family, also raised several red flags concerning the defendant and the issue of public safety.

2. The Government's position remains that the defendant should be in custody pending the disposition of this case.   There simply is no evidence that would suggest that the Government's initial concerns about public safety no longer exist.   Of particular concern is the fact that Ms. Sullivan has a young child living in the home.   The presence of that child certainly increases the scrutiny we must give to the defendant's request.   Ms. Sullivan was present in the home at the time of the defendant's arrest and was present when the FBI executed a Federal search warrant at her residence.  However, Ms. Sullivan has not observed any of the court hearings in this case and the Government has had little contact with Ms. Sullivan beyond her interest in the return of certain seized items.

3. The defendant argues that Pretrial Services' satisfaction with his performance on supervision while residing at his mother's residence supports his request to move to his girlfriend's house.   Although the Government is pleased to hear that the defendant is complying with the Court ordered terms of his supervision, the Government fails to see any up-side to disrupting an admittedly successful home plan to allow the defendant to move back into the home which was ground zero for his unlawful behavior.

WHEREFORE, for all the foregoing reasons, the Government objects to modifying the conditions of the defendant's bond to allow him to reside at Ms. Sullivan's residence prior to his March 5, 2019 sentencing hearing.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        *s/Jennifer J. Roy*
        BY:   JENNIFER J. ROY, #68299
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon John Lynch, counsel of record.

        */s/ Jennifer J. Roy*
        JENNIFER J. ROY, #MO47203
        Assistant United States Attorney

Case: 4:18-cr-00295-AGF   Doc. #:  66   Filed: 01/17/19   Page: 3 of 3 PageID #: 193